OPINION of the Court, by
Ch. J. Boyie.
The deieudants in error exhibited their bill in chancery, against james 1 rabue, the ancestor oi the plaintiffs, t.licging- that he held the elder grant from the common-Wraith for a tract of land to which they had a better rigot by virtue of an adversary entry, &c. and praying a decree for the conveyance. The subpoena to answer . She bill was returned with a certificate endorsed thereon, stating in substance that H. Coleman had read the sub-pcsa.i, and delivered a copy of the bill to the defendant James Trabue. This certificate was signed bv said Coleman, and certified to be sworn to before David Dills. The defendant failing to appearand answer the bill, it was taken for confessed at the rules, ar.d at the next term the court below decreed that the land should be conveyed to the complainants, and that the sheriff ffaouki deliver possession to them : to reverse which . . . 1 c . . accrue this writ oi error is prosecuted.
The only question-which seems material to be decided, is whether the service of the subpoena was sufficiently proven to justify taking the bill for confessed.
The person before whom the oath of service was taken does not certify himself to be an officer, nor are the! e any insignia of office annexed to his name. But it is suggested that he was at the time a justice of the pi ace, and it is contended that we are bound judicially to know the fact. Whether these positions be correct or not, does not seem necessary to be determined, unless it were first ascertained that a justice of the peace has legal authority to administer such an oath. This authority certainly does not belong to him as an officer of the peace, audit is equally clear that it does not come ifithin the limits of his jurisdiction over civil cases. If *394 therefore he is possessed of such an authority he cannot claim it as an incident to his general powers in either criminal or civil cases, but by virtue of some statutory provision made for t|tó special purpose, or by the general course of pracikl'in chancery. We are not aware that there is any statutory provision of this kind, nor do we believe that any such exist- With respect to the course of practice in chancery, it seems that in England a subpoena was not required to be executed by the sheriff, but might he served by any private individual, and the service of it proved by affidavit; but this affidavit could not be made before a justice of the peace, hut was required to be sworn to before a master in chancery, who was an officer of the court. The acts of assembly regulating proceedings in chancery in this country, have not interdicted the practice of proving the service of a subpoena by affidavit, but on the contrary seem by necessary implication to sanction it. These acts are however silent with respect to the person before whom the affidavit shall be sworn, and most unquestionably give no authority toa justice of the peace lor that purpose. We therefore conclude that the oath must be administered before the court or by some officer of the court legally authorised. We need not dilate upon the mischievous tendency of receiving an affidavit taken before any justice of the peace in the country as sufficient evidence of the service of a subpoena : were such a practice indulged, as the bill may be taken for confessed, and a final decree pronounced without issuing process of contempt, the rightful owner might and frequently would be deprived of his property without any notice of the suit.
Wherefore it is decreed and ordered that the decree of the circuit court be reversed and set aside ; that the cause be remanded to said court for new proceedings to be had therein : and it is further decreed and ordered that the said circuit court do order the possession of the tract of land in the bill mentioned be restos*» 1 ed to the plaintiffs in error, and cause the said order teg be carried into effect, Stc. .¾